IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02091-ZLW

DOUGLAS A. MAYHEW,

    Plaintiff,

v.

CHERRY CREEK MORTGAGE CO., INC., et al.,
NORA ZIEL,
MIKE SMITH,
HEATHER BRADSHAW,
CHRISTINE RYCHLEC,
SECURITY TITLE GUARANTY CO., et al.,
WHITNEY WINICK,
NORWEST MORTGAGE, INC., et al.,
WELLS FARGO HOME MORTGAGE, INC., et al.,
WELLS FARGO BANK, N.A., et al.,
JOAN MILLS,
BRADLEY DAVIS,
BRICE, VANDER LINDEN & WERNICK, P.C., et al.,
JOE LOZANO, JR.,
WACHOVIA BANK, N.A., et al.,
CASTLE MEINHOLD & STAWIARSKI, LLC., et al.,
BRITNEY BEALL-EDER,
P.C. WOLF,
ERICKA OLSON,
LAUREN SMITH,
JENNIFER ROGERS,
GUARANTY BANK AND TRUST COMPANY, et al.,
ABBY LARSEN,
CIT GROUP/CONSUMER FINANCE, INC., et al.,
NATIONWIDE TITLE CLEARING, INC., et al.,
DUSTI WOODBURY,
INDYMAC BANK HOME EQUITY DIV., F.S.B., and
"JOHN AND JANE DOES" 1-11 . . . , et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 8 2010

GREGORY C. LANGHAM
                CLERK

**ORDER**

## A. Background

On September 29, 2008, Douglas A. Mayhew, a *pro se* litigant, initiated this case. After Mr. Mayhew repeatedly failed to comply with Court filing rules, the Court dismissed the case without prejudice on January 14, 2009. Three weeks later, on February 4, 2009, Mr. Mayhew filed a new case, styled *Mayhew v. Cherry Creek Mortgage Co., Inc., et al.*, No. 09-cv-00219-PAB-CBS, asserting essentially the same claims. On December 21, 2009, the magistrate judge in the new action issued a recommendation that the new case be dismissed in its entirety [Case No. 09-cv-00219-PAB-CBS, Docket No. 118]. Three weeks after the magistrate judge issued his recommendation in Mr. Mayhew's new case, and one year after the present case was dismissed, Mr. Mayhew attempted to revive this case. On January 14, 2010, he filed a document entitled "Plaintiff's Rule 60(b) Verified Motion for Post Judgment Relief" [Docket No. 12]. On February 5, 2010, the Court denied that motion in an order that was docketed and served on February 9, 2010 [Docket No. 14]. On February 8, 2010, Mr. Mayhew transmitted to the Clerk of the Court an amended Rule 60(b) motion [Docket No. 13]. The amended motion was docketed on February 9, 2010, the same day as the Court's order denying the original Rule 60(b) motion. Mr. Mayhew later withdrew his amended Rule 60(b) motion [Docket Nos. 15, 16].

On March 10, 2010, the Court in Mr. Mayhew's new case accepted the recommendation of the magistrate judge and dismissed that case without prejudice [Case No. 09-cv-00219-PAB-CBS, Docket No. 132]. On April 12, 2010, one month after the dismissal of Case No. 09-cv-00219-PAB-CBS, Mr. Mayhew filed two new

motions in the present case: a Rule 59(e) motion [Docket No. 17] requesting reconsideration of the Court's denial of the Rule 60(b) motion and a combined motion to accept the aforementioned Rule 59(e) motion as timely and to grant an extension of time to file a notice of appeal [Docket No. 18]. On the same day Mr. Mayhew filed these two motions, he also filed a notice of appeal in the present case [Docket No. 19].

The Court must construe the motions liberally because Mr. Mayhew is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court may not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

### B. Plaintiff's "Rule 59(e)" Motion

#### 1. Reconsideration of the Dismissal Order and Judgment

Based on technical difficulties he experienced in filing documents and receiving correspondence from the Clerk of the Court, Mr. Mayhew asks that his Rule 59(e) motion be accepted as timely. According to the version of Federal Rule of Procedure 59(e) that applied at the time, "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."[1] Fed. R. Civ. P. 59(e). Final judgment entered in this case on January 14, 2009 [Docket No. 11]. Therefore, a

---

[1] Effective December 1, 2009, parties now have twenty-eight days to file a Rule 59(e) motion.

3

motion under Rule 59(e) challenging this judgment was due on January 29, 2009.[2] Mr. Mayhew filed his Rule 59(e) motion more than fourteen months after the deadline.

Generally, a post-judgment motion filed after the Rule 59(e) deadline will be treated as a Rule 60(b) motion. *See Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000). Therefore, to the extent that Mr. Mayhew's present motion challenges the order and judgment filed on January 14, 2009, it may only do so under Rule 60(b). According to Federal Rule of Civil Procedure Rule 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

---

[2] The Court arrived at the January 29, 2009 date listed here under the earlier version of the Rule. *Cf. Ysais v. Richardson*, 603 F.3d 1175, 1178 n.3 (10th Cir. 2010) (applying "the earlier version of the rule, requiring filing of the motion within ten days, since the ten-day period expired prior to the effective date of the revision to the rule."). The Court further notes that, under the earlier version of the Federal Rules, intermediate Saturday, Sundays, and legal holidays were not counted. *See* Fed. R. Civ. P. 6(a)(2) (2009).

Motions under Rule 60(b) also have time constraints: "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The present motion was filed more than a year after the January 14, 2009 final judgment in this case. Therefore, relief under Rule 60(b)(1), (2), and (3) is not available to Mr. Mayhew. In the intervening time between January 14, 2009 and the filing of the present motion, Mr. Mayhew opted to pursue a parallel case in this Court – 09-cv-00219-PAB-CBS. He only attempted to revive the present case when the parallel case was unsuccessful. Therefore, the Court finds that Mr. Mayhew's present motion may not challenge the January 14, 2009 order and judgment under any of Rule 60(b)'s subparts because the motion was not brought within a reasonable time following the issuance of the order and judgment as required by Rule 60(c).

In addition to the timing problem, the present motion improperly raises arguments which, although available to Mr. Mayhew when he filed his January 14, 2010 Rule 60(b) motion, were not raised. Mr. Mayhew claims that the dismissal of this case was unjust because of the loss of time between September 2008, when he filed this action, and February 4, 2009, when he filed Case No. 09-cv-00219-PAB-CBS. Mr. Mayhew argues that the dismissal of this case was plain error and an abuse of the Court's discretion. Not only does Mr. Mayhew fail to explain exactly what benefit he receives from this "lost time," but he fails to explain why he did not raise this issue in his previous Rule 60(b) motion. Mr. Mayhew's awareness of statutory deadlines was demonstrated as early as October 24, 2008, when he filed a motion for an extension of time to file his complaint in this action. *See* Verified Mot. for Extension of Time to File

Compl. [Docket No. 4] at 5-6. The Court sees no reason why he should be permitted to raise that question for the first time in a second Rule 60(b) motion.

Rule 60(b) motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

### 2. *Reconsideration of the February 9, 2010 Rule 60(b) Ruling*

While, as discussed earlier, plaintiff may not challenge the Court's January 14, 2009 order and judgment under Rule 59(e), the Court's February 9, 2010 denial of plaintiff's previous Rule 60(b) motion is a separate and appealable order. *Stouffer v. Reynolds*, 168 F.3d 1155, 1172 (10th Cir. 1999); 12 Moore's Federal Practice - Civil § 60.69 (2010). Several courts have concluded that a denial of a post-judgment motion amounts to a "judgment" and, therefore, "a losing party may challenge that judgment with a motion to alter or amend under Rule 59(e)." *E.g., Inryco, Inc. v. Metropolitan Eng'g Co.*, 708 F.2d 1225, 1232 (7th Cir. 1983). As a result, Mr. Mayhew could have challenged the Court's February 5, 2010 order denying the Rule 60(b) motion with a timely Rule 59(e) motion. As indicated in Rule 59(e), such a motion must be filed within twenty-eight days of the date of entry of the Rule 60(b) ruling.[3]

---

[3] The twenty-eight-day period, rather than the ten-day period, applies because both the Court's order and the plaintiff's motion were docketed after December 1, 2009.

The Court first notes that, although the order denying the Rule 60(b) motion was signed on February 5, 2010, it was not "entered" until February 9, 2010. Therefore, under the version of Rule 59(e) in effect as of February 9, 2010, Mr. Mayhew had to file a Rule 59(e) motion to alter or amend that order on or before March 9, 2010.

Mr. Mayhew's Rule 59(e) motion was docketed on April 12, 2010, nearly a month past the deadline. Mr. Mayhew avers that he attempted to file by facsimile a ten-page motion together with a one-page cover sheet on March 9, 2010. Mr. Mayhew also avers that, based on a report from his own fax machine, he believed that the entire eleven-page transmission had been successful. See Pl.'s Verified Mot. Requesting His March 9, 2010 Fed.R.Civ.P. 59(e) Mot. Timely Filed and for Extension of Time to File Notice of Appeal [Docket No. 18] ("Pl.'s Mot. Re: Filing") at 3. In reality, his transmission was incomplete. Only the cover sheet and one unidentified page were received by the Clerk's office; the rest of the pages came out blank. See Pl.'s Mot. Re: Filing at 3-4. On March 10, 2010, the Clerk of Court attempted to alert Mr. Mayhew of the problem by sending a message by facsimile to what appeared to be the number on the cover sheet submitted by Mr. Mayhew. See Pl.'s Mot. Re: Filing, ex. B. However, because Mr. Mayhew, in writing down his facsimile number, wrote a "4" that looked like a "9," the Clerk's office inadvertently sent the message to an incorrect fax number. See Pl.'s Mot. Re: Filing, exs. A & B. On March 10, 2010, the individual who received the message notified the Clerk's office of the error. See Pl.'s Mot. Re: Filing, ex. B. On or about the same date, this same individual called Mr. Mayhew and left a message informing him of what had happened. On March 16, 2010, Mr. Mayhew returned the call and spoke with that individual. Almost four weeks later, on April 12, 2010, Mr.

7

Mayhew re-filed his 59(e) motion together with a motion requesting that it be accepted as timely.

"It is clear that the district court [is] not empowered to grant [a party] additional time to file [a] 59(e) motion." *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000). The Rules of Civil Procedure state explicitly that "[a] court *must not* extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(2) (emphasis added). The Supreme Court at one time allowed district courts to extend the Rule 59(e) deadline, thereby tolling the appeals period under Federal Rule of Appellate Procedure 4(a)(1)(A), "[i]n rare cases . . . where the party makes a showing of 'unique circumstances' justifying the delay." *Weitz*, 214 F.3d at 1178-79 (citing *Thompson v. INS*, 375 U.S. 384 (1964)). More recently, however, the Supreme Court overruled the cases applying the doctrine of "unique circumstances" "to the extent they purport to authorize an exception to a jurisdictional rule," such as the rule dictating the time to file an appeal. *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Mr. Mayhew argues that this case presents a particularly unusual set of circumstances where, although the movant filed his motion in a timely manner, technical difficulties and subsequent communication problems caused the final, complete delivery to the Court to be delayed beyond Rule 59(e)'s twenty-eight-day period. According to Mr. Mayhew, the Court should deem his motion to be constructively filed on March 9, 2010 and, thus, timely.

The Court disagrees. Nothing resembling a complete motion was received by the Court until April 12, 2010. While Mr. Mayhew attempted to send something to the Court on March 9, 2010, that attempt was unsuccessful. The Court has no way of

knowing what Mr. Mayhew attempted to send, and a rule which allowed a party to suspend mandatory deadlines with indecipherable or blank pages would invite abuse.

Instead, to assist those parties who make good faith, but unsuccessful, attempts to file a document by facsimile, the Court's Local Rules provide mechanisms to ensure that such a filing is successful:

> Confirmation that the clerk received a facsimile filing may be made by:
>
> 1. reviewing the docket entries, or
>
> 2. transmitting an additional copy of the first page of the pleading or paper, and requesting on the facsimile cover sheet that the first page of the pleading or paper be file stamped by the clerk and returned to the attorney or pro se party via facsimile.

D.C.COLO.LCivR 5.1D. Mr. Mayhew did neither. Instead, he blames the filing mishap on the Clerk's office. However, there is no indication that the Court's facsimile machine was malfunctioning on March 9, 2010. In fact, it was working the next day when the Clerk's office, out of courtesy, attempted to notify him of his transmission error. The message was sent to someone other than Mr. Mayhew because, in writing his fax number, Mr. Mayhew wrote a "4" that looked like a "9." Therefore, Mr. Mayhew's initial unawareness of his filing deficiency cannot be ascribed to some error or misstep by the Court.

Mr. Mayhew is not asking the Court to excuse the short period of time between his failed filing attempt on March 9, 2010 and the day he discovered the problem. It appears that Mr. Mayhew learned of the problem no later than March 16, 2010.[4]

---

[4] Based on Mr. Mayhew's own submissions, it appears that he may have learned of the problem as early as March 10, 2010, the day the individual who received the Clerk's note first called Mr. Mayhew.

Rather than immediately re-filing his motion, Mr. Mayhew inexplicably waited almost four weeks to file his complete Rule 59(e) motion with the Court. Thus, even if Mr. Mayhew provided support for constructively eliminating the period of time between March 9 and March 16, 2010, there is no basis for doing so for the four weeks that followed. Without such a basis, the Court cannot excuse Mr. Mayhew's delay in re-filing his motion until April 12, 2010. Therefore, Mr. Mayhew's Rule 59(e) motion was not timely filed.

As discussed above, a post-judgment motion filed after the Rule 59(e) deadline will be treated as a Rule 60(b) motion. *See Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000). Therefore, the Court will address Mr. Mayhew's present motion under Rule 60(b). As he did in his earlier Rule 60(b) motion, Mr. Mayhew's current Rule 60(b) motion asks the Court to reinstate this action. As discussed above, under Mr. Mayhew's present motion, the Court will only review the February 9, 2010 Rule 60(b) ruling, not the underlying judgment entered on January 14, 2009. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (review of a post-judgment motion to reconsider "addresses only the district court's order denying the motion, and not the underlying decision itself.").

"A Rule 60(b) motion is not intended to be a substitute for a direct appeal." *Servants of the Paraclete*, 204 F.3d at 1009. As such, "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (internal quotation marks omitted). "A district court has substantial discretion to grant relief as justice requires

under Rule 60(b)." *Amoco Oil Co. v. E.P.A.*, 231 F.3d 694, 697 (10th Cir. 2000) (internal quotation marks omitted). In his present motion, Mr. Mayhew has not advanced an argument which justifies relief under Rule 60(b).

In its February 9, 2010 order, the Court denied the previous Rule 60(b) motion because "Mr. Mayhew fail[ed] to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action." Order Denying Fed. R. Civ. P. 60(b) Mot. [Docket No. 14] at 3. In arriving at that conclusion, the Court first re-explored the factual basis of dismissal, finding no discrepancies. The Court also noted Mr. Mayhew's delay in filing the Rule 60(b) motion and the fact that he had a parallel case pending which raised the same claims.

With respect to Mr. Mayhew's "lost time" argument discussed above, that issue is not a proper challenge to the Court's February 9, 2010 Rule 60(b) ruling. Because the issue of "lost time" between the filing of Mr. Mayhew's two cases was not before the Court on the underlying motion – but was available to Mr. Mayhew – he may not raise it now. As explained in the earlier discussion, Rule 60(b) motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of Paraclete*, 204 F.3d at 1012. Therefore, this argument is an improper basis for challenging the Court's previous Rule 60(b) ruling.

The greater portion of Mr. Mayhew's arguments in his present Rule 60(b) motion address the fact that the action was dismissed because he failed to submit his claims on a Court-approved form as required under D.C.COLO.LCivR 8.1A. As discussed above, the Court thoroughly addressed this issue in the February 9, 2010 Rule 60(b) ruling. Repeated post-judgment motions based on the same grounds are disfavored. They are not available as a means to rehash or revisit arguments already advanced and rejected by the Court. *See Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991).

The Rule 60(b) ruling noted that "[r]elief under Rule 60(b) is appropriate only in extraordinary circumstances." Order Denying Fed. R. Civ. P. 60(b) Mot. [Docket No. 14] at 3 (citing *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994)); *see also F.D.I.C. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990))).

Therefore, upon reexamination of the conclusions and the reasoning in the February 9, 2010 Rule 60(b) ruling, the Court concludes that, pursuant to the Rule 59(e) standard, there was no misapprehension of the facts, a party's position, or the controlling law. Furthermore, there has not been (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. Rather, the denial of Mr. Mayhew's Rule 60(b) motion was proper based on facts of the case, Mr. Mayhew's unreasonable delay in

filing his Rule 60(b) motion, and his use of Case No. 10-cv-00291-PAB-CBS to attempt to achieve similar relief.[5]

### C. Plaintiff's Motion for Extension of Time to File a Notice of Appeal

With respect to the timing of an appeal, "except as provided in [Federal Rules of Appellate Procedure] 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a). Under the Rules of Appellate Procedure,

> The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

A timely-filed Rule 59(e) motion to alter or amend the judgment will toll the thirty-day appeals period under Appellate Rule 4(a). *Weitz v. Lovelace Health System, Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000) (citing Fed. R. App. P. 4(a)(4)(A)(iv). However, "[u]nder Fed. R. App. P. 4(a)(4)(A)(vi), a Rule 60 motion extends the time for filing a notice of appeal only if 'the motion is filed no later than ten days after the judgment is

---

[5] As the Court stated in the February 9, 2010 order, Mr. Mayhew initially elected not to challenge the dismissal in this case and, instead, filed a new case, Case No. 10-cv-00291-PAB-CBS, asserting the same claims. Only after the magistrate judge entered a recommendation in Case No. 09-cv-00219 on December 21, 2009, did Mr. Mayhew attempt to revive the present case by filing his original Rule 60(b) motion.

entered.'"[6] *Manco v. Werholtz*, 528 F.3d 760, 761-62 (10th Cir. 2008) (quoting Fed. R. App. P. 4(a)(4)(A)(vi)) (alteration marks omitted).

Mr. Mayhew's original Rule 60(b) motion, filed on January 14, 2010 – a year after the January 14, 2009 dismissal order and judgment in this case – did not toll the appeals period. Therefore, Mr. Mayhew had thirty days from January 14, 2009 to file either his notice of appeal of the dismissal order and judgment or a motion for extension of time to file such a notice. Having failed to do so, Mr. Mayhew has forfeited his right to an appeal of the Court's January 14, 2009 order of dismissal and judgment.

Mr. Mayhew's most recent post-judgment motion, which the Court construed as a second Rule 60(b) motion, was filed on April 12, 2010. This is not within the twenty-eight days now allowed from the entry of the order of dismissal and judgment or from the entry of the February 9, 2010 Rule 60(b) ruling. Therefore, the April 12, 2010 Rule 60(b) motion will not toll the appeals period for any of these appealable orders under Federal Rule of Appellate Procedure 4(a)(4)(A)(vi). Furthermore, Mr. Mayhew did not file a notice of appeal or motion for an extension of time within thirty days of the Court's February 9, 2010 Rule 60(b) ruling. Therefore, he has forfeited his right to appeal that order as well.

Finally, because the conditions set forth by Federal Rule of Appellate Procedure 4(a)(6) have not been met in this case, the Court may not reopen the time to file an

---

[6] The time period was amended to twenty-eight days, effective December 1, 2009.

appeal of that judgment.[7] Therefore, Mr. Mayhew's motion seeking an extension of time to file a notice of appeal of any of the final orders or judgments issued in this case to date must be denied.

Mr. Mayhew already filed a notice of appeal [Docket No. 19]. That notice attempted to appeal both the January 14, 2009 order and final judgment and the February 9, 2010 Rule 60(b) order. Pursuant to the discussion above, neither ground for appeal is permitted.

### D. Conclusion

Pursuant to the discussion above, it is

**ORDERED** that plaintiff Douglas Mayhew's motion [Docket No. 18], filed on April 12, 2010, requesting an extension of time to file a notice of appeal and a finding that his Rule 59(e) motion is timely filed is DENIED. Any appellate challenge to the Court's January 14, 2009 order of dismissal [Docket No. 10], January 14, 2009 final judgment

---

[7] Under Federal Rule of Appellate Procedure 4(a)(6):

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

[Docket No. 11], or February 9, 2010 Rule 60(b) ruling [Docket No. 14] is untimely and may not proceed. It is further

**ORDERED** that plaintiff Douglas Mayhew's Rule 59(e) motion [Docket No. 17] to reconsider the Court's February 9, 2010 Rule 60(b) order is deemed to be a Rule 60(b) motion challenging the Court's January 14, 2009 order [Docket No. 10] and judgment [Docket No. 11] and challenging the Court's February 9, 2010 Rule 60(b) ruling [Docket No. 14]. In all respects, this motion [Docket No. 17] is DENIED.

DATED at Denver, Colorado, this  28th  day of  July , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02091-ZLW

Douglas A. Mayhew
4979 Perry Street
Denver, CO 80212

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/28/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk